# FOLEY & PAUL v. THE TIPTON HOTEL ASSOCIATION, Appellant.

**Evidence:** COMPETENCY. In a suit by a sub-contractor against a corporation, to recover for extra work and materials, defendant's secretary was properly allowed to testify as to the authority of its building committee to order the extras, in the absence of any objection that it was not the best evidence, or of any proof that the board of directors kept a record of its proceedings.

ON VALUE. A member of a firm which has a contract for the erection of a building, and who shows a considerable knowledge of prices of labor and material, may testify as to what is a reasonable price for laying an extra wall.

OBJECTIONS. An objection to the introduction of evidence as incompetent and immaterial, does not raise the objection that it is not the best evidence.

**Order of Proof:** DISCRETION. The court did not abuse its discretion as to the order of proof, by allowing plaintiff to show the amount of work which he did for defendant corporation, before proving that the work was authorized.

**Building Contract:** EXTRAS. The owner may contract with the sub-contractor for extras, without regard to the provisions therefore in the written agreement between the owner and the principal contractor.

CONSIDERATION. The furnishing of extra material and labor by a sub-contractor at the direction of the owner, creates a contract on a sufficient consideration to render the owner liable for the extras.

**Appeal:** ABSTRACT SUFFICIENTLY FULL. An appeal will not be dismissed for incompleteness of the abstract if it is sufficiently full to present the facts in regard to the question to be determined.

TIME OF FILING AMENDMENT. An amendment to the abstract is not filed too late if the submission of the cause on the merits is not delayed.

**Demurrer:** PLEADING OVER: *Waiver.* Possible error in overruling a demurrer to the petition is waived by filing an answer.

*Appeal from Cedar District Court.*—HON. WILLIAM P. WOLF, Judge.

TUESDAY, MAY 18, 1897.

ACTION at law to recover an amount alleged to be due for material furnished and labor done on a hotel building. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*W. G. W. Geiger* for appellant.

*E. M. Brink* and *Preston, Wheeler & Moffit* for appellee.

ROBINSON, J.—In July, 1894, Kelly & Mahan entered into an agreement in writing with the defendant to furnish all material and labor for, and to erect and complete, in the town of Tipton, a building to be used as a hotel, according to plans and specifications which were made a part of the agreement. The plaintiff, as sub-contractor, agreed with Kelly & Mahan to do the stone and brick work required for the building according to the plans and specifications referred to, and, as we infer from the record, executed its agreement. It claims that, in addition to what was done under the contract with Kelly & Mahan, it furnished material and performed labor for the defendant in doing extra work not required by its agreement with Kelly & Mahan, to the amount of more than three hundred dollars, for which judgment is demanded. The amount of the verdict for which judgment was rendered is two hundred and sixty-six dollars and fifty cents, besides costs.

I. The appellee filed a motion to dismiss the appeal and affirm the judgment of the district court

on the grounds that the abstract was not shown to be full and complete, and that the assignment of errors was not sufficiently specific to present any question for determination. Abstracts are only required to be sufficiently full to present the facts in regard to the questions we are required to determine, and we should not dismiss an appeal or affirm a judgment merely because the abstract did not purport to be a complete abstract of the entire record in the case. If there was any defect in the abstract as first submitted, it was cured by an amendment filed by the appellant. The appellee moved to strike that amendment from the files on the ground that it was filed too late. It was not filed so late as to delay the submission of the cause on its merits, and following our practice, the motion to strike will be overruled. The assignment of errors is sufficient to present questions for our determination, and the motion to dismiss must be and is overruled.

II. The appellant complains of the overruling of a demurrer which it filed to the petition. After the ruling complained of was made, the defendant waived the error, if any, in the ruling by filing an answer.*

III. A witness named Leech, testified that he was a member of the Tipton Hotel Association, and that John H. Reichert, George Beatty, and C. W. Carl, were its building committee; that he was the secretary of the association, and that he supposed that the building committee had special supervision and the board of directors general supervision. He was then asked: "They acted for the association in whatever they did, in the matter,— that is, that was their duty to do so?" The defendant

*This rule is affected by a statute since passed (Acts Twenty-fifth General Assembly).—REPORTER.

objected to the question as incompetent and immaterial. The objection was overruled, and the witness answered: "I think it was generally supposed that they were members of the board of directors, who were to be present and give attention to matters, and so far as I know, they did so." The appellant complains that the testimony thus given was incompetent, for the reason that the association could not be bound by the acts of a committee unless it was shown that the committee had authority, derived from the proper source, and that the only competent evidence of that authority would be the minutes of the proceedings of the board of directors, if it had the power to authorize the building committee to act. It is not shown that a record of the proceedings of the board was kept, and the defendant did not object that the testimony of the witness would not be the best evidence. It does not appear that the witness was incompetent, and his testimony was not immaterial; therefore, the objection made by the appellant does not appear to have been well founded.

IV.   E. L. Paul, a member of the plaintiff firm, was asked the following question: "Leaving out now the work you did, if any, as sub-contractor for Kelly & Mahan, state what work outside of that you did for the Tipton Hotel Association." The defendant objected to the question, "because there is no testimony showing that he had any contract with any person authorized to make a contract." The objection was overruled, and the witness answered the question. The ruling was not erroneous. It was, of course, necessary for the plaintiff to show a contract, expressed or implied, for the material and labor in question, before it could recover for them, but the order in which the facts necessary to a recovery should have been proven was a matter of

procedure which was largely within the discretion of the district court, and no abuse of that discretion is shown. The witness was also permitted to state that the extras were put on the work and the material furnished with the knowledge of the Tipton Hotel Association. The appellant complains of this testimony on the ground that it did not have control of the building at the time to which the question referred. The testimony, considered alone, would have been of little value, but, taken with other evidence in the case which it tended to corroborate, it was material and competent to show an agreement between the plaintiff and defendant for the extras in question.

V. John E. Mahan, a member of the firm of Kelly & Mahan, was permitted to testify as to what was a reasonable price for laying a wall which the plaintiff claimed to have been an extra. He did not show the highest degree of knowledge respecting prices of labor and material at Tipton, but his firm had the contract for erecting the building in question, and he showed considerable knowledge of such prices, and we think his testimony was admissible, to be estimated by the jury at its true value.

VI. The contract between the defendant and Kelly & Mahan provided that, in case of dispute respecting the value of extra work done by the contractor or omitted by him, its cost should be valued by two competent persons, one of whom was to be selected by each party, and, if those two persons did not agree, the matter in dispute was to be referred to the architect, whose decision was to be final. Testimony was offered to show that the plaintiff, although not a party to the contract, filed claims with the architect. The court excluded all of the testimony in regard to the proceedings in which the architect was concerned, excepting what was in the written settlement. That showed that the plaintiff had been allowed extras to

the amount of two hundred and six dollars and seventy-five cents. It is not shown in what respect the ruling of the court was erroneous. The claim of the plaintiff was submitted to the architect in writing, and no reasonable theory of error in the ruling, or of prejudice which resulted from it, is suggested by the appellant.

VII. The agreement between Kelly & Mahan and the defendant provided that the latter might make changes in the plans and specifications without impairing the validity of the agreement, and that, before changes were made, the cost thereof should be agreed upon. After testimony in regard to materials and labor for which the plaintiff seeks to recover had been given, the defendant moved to have it stricken out, and complains of the refusal of the court to sustain its motion. The theory of the appellant is that its contract with Kelly & Mahan controlled, and that, as the plaintiff was a sub-contractor, it could not acquire any right against the defendant except through the agreement of the principal contractor. But that is manifestly incorrect. It was competent for the plaintiff and the defendant to enter into an agreement for extras without regard to the provisions for such extras made in the agreement with Kelly & Mahan. That firm had its remedy for any breach of contract which the defendant caused.

VIII. The appellant insists that the evidence did not show a valid agreement, supported by a consideration, for the extras in controversy. There was evidence from which the jury was authorized to find that the plaintiff was directed and authorized by the defendant to furnish the material and labor required for the extras, and that they were furnished as directed. That was a sufficient contract

upon a sufficient consideration to make the defendant liable to the plaintiff for the extras in question.

IX.  The appellant, after the verdict had been returned, and a motion for a new trial had been overruled, filed a motion in arrest of judgment on the ground that the petition did not show a cause of action. The motion was properly overruled.  The petition showed that the defendant directed and authorized the plaintiff to furnish extra labor and material, and that they were furnished as directed.

What we have said disposes of all the material questions presented in argument.  We do not find any ground for disturbing the judgment of the court below.  The proceedings in that court appear to have been free from prejudicial error, and the evidence was sufficient to sustain the verdict.  The judgment rendered is AFFIRMED.

