DASSIE SANDERS v. JAMES O'CALLAGHAN, Appellant.

**Vicious Dogs:** INJURY BY: *Elements of action.* In an action for injuries from the bite of a dog, it is not prejudicial error to permit plaintiff to show that the dog had previously bitten other people, though Code, section 2340, provides that the owner of a dog shall be liable to the party injured for all damage done by his dog, except when the party is committing an unlawful act. While the statute does not make the habit of the

animal an element, the vicious character of the dog and the owner's knowledge thereof, were elements in the common-law action for such injuries.

SAME. In an action for injuries from the bite of a dog, it is proper to refuse to instruct that one going on the premises of another without invitation must inquire and ascertain whether vicious dogs are kept there, and that a failure to do so is contributory negligence, especially where evidence showed that plaintiff obtained permission to enter on defendant's premises.

EVIDENCE: *Opinions.* In an action for injuries from the bite of a dog, it is proper to permit plaintiff to testify that she endured pain and suffering from the injuries received, and to permit her witness to be asked as to her suffering and ability to move about after the accident.

SAME. In an action for injuries from the bite of a dog, it is proper to permit plaintiff to show by experts that wounds made by a dog are more painful than those, made by clean instruments.

SAME. In an action for injuries from the bite of a dog, where plaintiff claims that she had not fully recovered, and that the wounds were slow in healing, it is proper to permit experts to be asked as to the usual and ordinary effect of dog bites, and the probability of such a wound healing rapidly, or leaving poisonous effects, though there was no evidence that poison was injected into plaintiff's system through the bite.

ON CONTRIBUTORY NEGLIGENCE: *Relevancy.* In an action for injuries from the bite of a dog, it was not error to exclude defendant's evidence that he and his daughter had observed the dog when strangers were on the premises, and that it never offered to bite such strangers as long as they walked about quietly, since such evidence was irrelevant to the issue of plaintiff's contributory negligence.

CONTRIBUTORY NEGLIGENCE: *Jury question.* It was proper, under the evidence, to refuse to instruct, as matter of law, that plaintiff could not recover because of contributory negligence.

**Instructions:** EQUIVALENTS. Where an issue is fully covered by instructions already given, a refusal to give a correct instruction thereon is not error.

PERMITTING CONJECTURE: *Future damages.* In an action for injuries from the bite of a dog, where the evidence as to plaintiff's future pain and suffering is conflicting, it is error to instruct that if the jury find her entitled to recover, her damages are

such as arise from pain and inconvenience and the impairment of enjoyment for such time as the same have or may continue, as shown by the evidence, though the jury are also instructed that they cannot allow for pain and suffering not caused by the bite, since the erroneous instructions permit the jury to enter the domain of conjecture as to future damages.

**Appeal:** TIMELY FILING OF AMENDMENT TO ABSTRACT. Though appellee's amended abstract of record is not filed within the time required by rule No. 22 of the supreme court, appellant's motion to strike it from the files on that ground will be overruled, it appearing that appellant's abstract was not filed in time, and that no prejudice has resulted from the delay in filing the amended abstract.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

TUESDAY, MAY 22, 1900.

ACTION to recover damages for injuries resulting from the bite of a dog. There was a trial to a jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.—*Reversed.*

*I. Ross Thompson* and *Read & Read* for appellant.

*Stewart & Cohen* for appellee.

DEEMER, J.—Appellant has filed a motion to strike appellee's amended abstract, because not filed within the time required by our rules. That it was not filed within ten day's after the receipt of appellant's abstract, as required by rule No. 22, is conceded; but, as appellant did not file his abstract within the time required, and as no prejudice has resulted from the filing of the additional abstract, the motion to strike will be overruled. *Clark v. Ellsworth,* 104 Iowa, 442; *Foley v. Association,* 102 Iowa, 272; *Galer v. Galer,* 108 Iowa, 496.

II. While driving along one of the streets in the city of Des Moines, plaintiff "had a call of nature," and con-

cluded to go onto defendant's premises to use his water-closet. Before entering the premises, she asked permission of a woman, who was between the gate and the house, engaged in washing, and was referred to the housekeeper in the house, who granted the permission asked. She passed on to the closet, meeting defendant's daughter on the way, who spoke to her; used the closet; and as she was returning heard a dog growl. Looking back she saw a dog leap over a small fence, and start after her as fast as he could come. Plaintiff screamed to the daughter, who was close by, to catch the dog, but, as nothing was done by the girl, the dog sprang at plaintiff's face. Missing its hold, it then seized plaintiff's ankle, and inflicted the injuries of which she complains. As soon as the dog had fastened itself on plaintiff, the daughter caused it to release its hold, but not until it had inflicted very severe injuries on plaintiff's person. When plaintiff saw the dog coming toward her in a threatening manner, she started to run, and was running, and screaming to defendant's daughter to rescue her, from the time she saw the dog coming over the fence. The dog was chained in a barn immediately west of the closet, but, seeing the plaintiff, he broke his chain, and started after her. Plaintiff's visit to the closet was in the daytime, and she did not know of the presence of the dog until it started in pursuit. There is some dispute in the evidence regarding the manner in which plaintiff passed to and from the closet (some of the witnesses say she was running) ; as to the time when the daughter intervened (she says she did so immediately) ; and as to the time when the dog first barked (some of the witnesses saying that it was when the plaintiff started to go towards the closet) ; but the other facts are practically without dispute. Plaintiff was permitted to show, over defendant's objections, that she endured pain and suffered from the injury she received. We think the

evidence was competent and proper. The fact was material and plaintiff was competent to testify regarding the matter. An expert doctor (called on behalf of plaintiff) was asked whether or not the wound made by a dog was more painful to a patient than one made by a clean instrument, and he answered that it was in every case. The witness was competent, and the question was a proper one. He was also asked this question: "What is the effect on the human flesh of laceration by the teeth of a dog, and its general probability of healing rapidly, or leaving poisonous effects?" Objection was made to this, because the witness had not shown himself competent, and for the further reason that the evidence did not show any poisonous effects from the wound in question, or that plaintiff had suffered any damage on account thereof. Before the witness was permitted to answer, his competency was shown, and he said in response that "a wound of this kind—a lacerated wound by a dog or any other animal—is considered by recent surgeons as being altogether different, and is treated differently, from wounds made by clean instruments, or from wounds made by the surgeon's knife, and for the reason there is more tearing of the tissue." Manifestly, defendant's objection was properly overruled. Another doctor was asked whether such a wound was liable "to get the poison from a dog or other animal in the bite." Objection was made to this question, and the court, instead of ruling, asked this question: "What is the usual and ordinary effect of a dog bite?" Objection was also lodged against this question, but the objection was overruled. The ruling was clearly right. After the witness had fully answered, defendant moved to strike the answer because not responsive. We need not set it out, for it is so clearly responsive to the interrogatory as to demand no further consideration. Although there may have been no evidence that poison was injected into plaintiff's system through the bite, it was claimed that she had not fully

recovered, and that the wound was slow in healing. The evidence of these experts was clearly admissible under these issues. Evidence was also offered for the purpose of showing that the same dog had previously bitten other people. This was objected to as immaterial and irrelevant. Code, section 2340, provides that "the owner of a dog shall be liable to the party injured for all damages done by his dog, except when the party is doing an unlawful act." While this section was evidently intended to do away with the necessity of proving scienter, still there is no reason for holding that a plaintiff may not prove those things necessary to a right of action at common law. A majority of this court has held that plaintiff in such actions must show his freedom from contributory negligence, in order to recover under this section. *Stuber v. Gannon,* 98 Iowa, 228. But see *Shultz v. Griffith,* 103 Iowa, 150, and *Van Bergen v. Eulberg,* 111 Iowa, 139. Plaintiff's conduct, and her right to be on the premises, were, therefore, in issue. At common law a person was not entitled to keep a vicious dog on his premises for the purpose of keeping off trespassers, provided they came there in the daytime and on some innocent mission. See Cooley Torts (2d ed.), p. 406; *Loomis v. Terry,* 17 Wend. 496; *Conway v. Grant,* 88 Ga. 40 (13 S. E. Rep. 803, 14 L. R. A. 198), and cases cited; *Knowles v. Mulder,* 74 Mich. 202 (41 N. W. Rep. 896). Proof of facts that would make out a case at common law is not prejudicial error. *Marsel v. Bowman,* 62 Iowa, 57; *Cameron v. Bryan,* 89 Iowa, 214. It may be, and doubtless is, true that defendant was absolutely liable if plaintiff was doing no unlawful act, and was not guilty of contributory negligence; but no prejudice resulted from proving a case under the theory of qualified liability. No complaint is made of the court's failure to instruct on that theory. Moreover, the defendant testified that he kept the dog chained up in the day time so that he would not bite people. This was evidence of his vicious character and of defendant's knowl-

edge thereof. *Montgomery v. Koester,* 35 La. Ann. 1091; *Warner v. Chamberlain,* 7 Del. Super. 18 (30 Atl. Rep. 638). In any event, there was no prejudice. Defendant offered to show by himself and daughter that they had observed the conduct of the dog when strangers were on the premises, and that he never offered to bite them so long as they walked about quietly, and that he did not attempt, under such circumstances, to break his chain. The avowed purpose in introducing this evidence was to show "that plaintiff went in there [on the premises], and did not use the premises like persons usually do when they go on the premises of another, and thereby contributed to her own injury." Surely, the evidence offered would neither prove nor tend to prove that plaintiff was guilty of contributory negligence. It was simply an effort to prove a presumption from a presumption. This is all that need be said in this connection. But it appears that defendant did testify that other persons had gone on his premises, and used the closet, as plaintiff did, without provoking or exciting the dog; and another witness testified to the same state of facts without objection. The error, if any, was without prejudice. Moreover, we doubt if the evidence offered would throw any light on the disposition of the dog. The question did not call for that, but for how he acted under certain conditions. *Linck v. Scheffel,* 32 Ill. App. 17, sustains the ruling. A witness was asked as to plaintiff's ability to get around, and as to her suffering pain after she received her injuries. Those questions were proper. *Bailey v. City of Centerville,* 108 Iowa, 20.

III. Defendant asked six instructions bearing on plaintiff's conduct in the case, that were each and all refused. One of them was to the effect that plaintiff could not recover because guilty of contributory negligence. Conceding that plaintiff must show freedom from contributory negligence, it was clearly a question for the jury, and was submitted under proper instructions. Another was to

the effect that one going on the premises of another without invitation must inquire and ascertain whether or not vicious dogs are kept thereon, and, if he goes on without permission or invitation, and without ascertaining whether there be vicious dogs on the premises, he is guilty of contributory negligence. This was rightly refused,—*First,* because plaintiff went on the premises with permission of the person in charge; and, *second,* because it announces an incorrect rule of law. *Sherfey v. Bartley,* 4 Sneed, 58 (67 Am. Dec. 597); *Pierret v. Moller,* 3 E. D. Smith, 574; *Meibus v. Dodge,* 38 Wis. 300; and *Loomis v. Terry, supra.* Others related to contributory negligence, but as that issue was fully covered by the instructions given, no prejudice resulted, even if it be conceded that the instructions asked embodied a correct rule. But we do not think the rules announced therein were correct.

IV. The fourth instruction reads as follows: "If you shall find that plaintiff is entitled to recover, it will be necessary for you to determine the amount of such recovery. She can in no event recover more than compensatory damages, by which is meant such sum as will fairly compensate her for the injury sustained. What is a just compensation is not susceptible to proof by direct evidence, but must, of necessity, be left largely to the sound judgment and discretion of the jury, guided by the circumstances of the case as shown in evidence. The damages for which she is entitled to recover, if you find that she is entitled to recover, are such as are caused by bodily pain and suffering, distress and mental anguish, and inconvenience, the impairment of the enjoyment of life, by reason of the injury, *and for such pain and inconvenience and impairment of enjoyment for such time as the same has or may continue, as shown by the evidence.* But you can in no event allow her more than $3,000. Nor can you allow for pain or suffering not caused by the biting of the dog." That part italized is said to be erroneous. An almost identical instruction was

disapproved in *Ford v. City of Des Moines,* 106 Iowa, 94. See, also, *Fry v. Railroad Co.,* 45 Iowa, 416. But it is said that this case is distinguishable from that in this: that the jury was told that it could not allow anything for pain and suffering not caused by the bite of the dog. We do not see how this can be said to have cured the error contained in the other part of the instruction, permitting the jury to recompense plaintiff for such pain, inconvenience, and impairment of enjoyment * * * *as may continue,* as shown by the evidence. The difficulty with the instruction is that it permitted the jury to enter the domain of conjecture as to future suffering. In that respect it is identical with the *Ford Case.* In *Bailey v. City of Centerville* the instruction used the word "probably;" instead of "may," and it was held synonymous with "reasonably certain." None of the cases relied on by appellee are in point. Neither *Morris v. Railroad Co.,* 45 Iowa, 29, nor *Russ v. The War Eagle,* 14 Iowa, 371, nor *Miller v. Boone County,* 95 Iowa, 11, involved the question here presented. In *Kendall v. City of Albia,* 73 Iowa, 241, the rule in *Fry's Case* was approved, but the case was affirmed because of an instruction requiring plaintiff to show by the evidence that future damages "will probably be sustained." This is in line with the *Bailey Case.* The evidence as to future pain and suffering in the instant case was conflicting, and the jury should have been properly instructed with reference thereto.

V. One other question is presented in argument, but, as it cannot arise on a retrial, we do not consider it. For the error pointed out, the judgment is REVERSED.