## O. R. SHULTZ v. A. P. GRIFFITH, Appellant.

**Dogs:** LIABILITY OF OWNER FOR INJURY BY. Under Code, section 1485, making the owner of a dog liable to a person injured, for all damages done by it, except when such person is doing an unlawful act, negligence of the person injured does not exempt the owner from liability, unless the negligence amounts to an unlawful act.

RULE APPLIED. Plaintiff left his horse and buggy in defendant's livery stable, and at about 8 P. M. went into the barn yard to see that his buggy was put under shelter; and to get some articles therefrom. While at the buggy, he was bitten by defendant's dog. *Held,* that, though the property was in care of defendant, plaintiff was not a trespasser in going to it when and for the purpose he did, without permission, and it is immaterial whether defendant's employes knew of his presence.

EVIDENCE OF OWNERSHIP. A person having a dog in his possession, and harboring it on his premises, as owners of dogs usually do, will be deemed the owner of the dog, in an action unner Code, section 1485, for injuries done by it.

**Pleading:** DAMAGES: *Future suffering.* Future pain and anguish cannot be considered in assessing damages under a pleading which alleges pain and injury in the past tense only, where the petition does not allege that there has been a failure to make recovery and where the evidence is confined to showing disablement up to time of trial.

**Negligence Defined.** An instruction that "negligence is the failure or omission to do that which an ordinary prudent and cautious man would do under similar circumstances" is incomplete as lacking the element of commission.

*Appeal from Bremer District Court.*—HON. P. W. BURR, Judge.

TUESDAY. OCTOBER 12, 1897.

ACTION to recover damages alleged to have been caused by plaintiff's being bitten by a dog owned by defendant. Defendant answered, denying generally, and a verdict and judgment were rendered for plaintiff for four hundred dollars. Defendant appeals.— *Reversed.*

*G. W. Ruddick* for appellant.

*Gibson & Dawson* for appellee.

GIVEN, J.—I. The following facts are undisputed: Defendant was the keeper of a feed and livery barn, open to patronage by the public. The plaintiff was traveling by team, and on the evening of October 2, 1894, he left his team and buggy in care of the defendant, to be kept in said barn over night, for which he paid seventy-five cents. When the team was put in the barn, the buggy was left standing near by in the barn yard. Between 8 and half past 8 o'clock that evening plaintiff went into the barn yard for the purpose of seeing that his buggy was put under shelter, and of getting some articles belonging to him, therefrom. While at the buggy he was attacked and bitten on the leg by a dog, which caused a painful wound. The only disputes as to facts are whether defendant's employes at work at the barn knew of plaintiff's presence before he was bitten, and the identity and ownership of the dog, and the extent of the injury. In the

view we take of the case, it is not material to plaintiff's right to recover whether his presence was known to defendant's employes or not. We think the jury was warranted in finding, under the instructions, that defendant owned the dog that did the biting, and that plaintiff was injured to the extent returned.

II. We have said the jury was warranted in finding as it did under the instructions, but the question remains whether the court erred in giving or refusing instructions in any of the particulars complained of. The court instructed that "under the laws of the state of Iowa the owner of any dog attacking or attempting to bite any person without fault or negligence upon the part of the person injured shall be liable to the person so injured for all damages done by his dog, except when the party injured is doing an unlawful act." Appellant does not complain of this instruction, and, as will be seen hereafter, could not reasonably do so. Following this, the court instructed to the effect that, if the jury found the facts to be as we have stated them above, then "that his going on said premises for said purpose at the time he states he did go there was not unlawful, and you should not so find it to be." Appellant asked an instruction, which was refused, as follows: "The defendant would be bound to keep the property until the next morning, and, if the plaintiff wished to take possession before that time, he should ask permission of defendant, and if he went upon the defendant's premises to intermeddle with the property so left, without permission of defendant, he would be doing an unlawful act, and your verdict must be for the defendant." The instruction given is correct, and there was no error in refusing that asked. The barn and yard were places to which the patrons of the business were invited to come at seasonable hours. Plaintiff went there before half past 8 o'clock in the evening,

and while defendant's son and a hired hand, with a lighted lantern, were at work at the barn. He went there to see that his buggy was put under shelter, and to get some article belonging to him, from the buggy. Surely the time was seasonable, the purpose proper, and, therefore, the act was not unlawful. Though the property was in the care of defendant, plaintiff was not a trespasser in going to it when and for the purpose that he did, without permission, and it is, therefore, immaterial whether defendant's employes knew of his presence or not.

III.    The court instructed that "negligence is the failure or omission to do that which an ordinary prudent and cautious man would do under similar or like circumstances." Appellant contends, and correctly so, that this is an incomplete definition, and that the words, "or doing something that a reasonable person would not do," should be added. The question of negligence involved in this case, under the instruction first referred to, was of commission, and not omission. These two instructions, taken together, were more favorable to appellant than he was entitled to, and therefore not prejudicial to him. Section 1485 of the Code makes the owner of the dog "liable to the party injured for all damages done by his dog, except when the party is doing an unlawful act." Negligence by the injured party, whether of omission or commission, does not exempt the owner of the dog from liability, unless that negligence amounts to an unlawful act. We think the court erred in giving any instruction on the subject of negligence, as mere negligence, not amounting to an unlawful act, is no defense. These instructions were more favorable to appellant than he was entitled to, and therefore not prejudicial to him.

IV.    On the question of the ownership of the dog the court gave this instruction: "If you find from the

weight of the evidence introduced on the trial that the dog was in the possession of the defendant, and that the defendant was harboring him on his premises, as owners usually do with their dogs, then he will be deemed to be the owner of the dog, within the meaning of the law." It is true that, under said section 1485, it is only owners of dogs that are made liable, but possession and harboring, as owners usually do, have been held to be sufficient evidence of ownership. See *O'Harra v. Miller* 64 Iowa, 462. There is no error in this instruction.

V. On the question of damage the court gave this instruction: "(2) If you find for the plaintiff, then in assessing his damages you may allow him such sum as, under the evidence, you find will compensate him for the wound he received as shown by the evidence, if any; the pain and anguish, mental and physical, if any, which he has suffered, or which the evidence shows it is reasonably certain he will hereafter suffer, if shown by the evidence, and caused by the injuries received." Appellant contends that no claim is made in the petition for future pain and anguish, and that, therefore, the court erred in submitting that as an element of damage. It is alleged in the petition that by reason of the wound "plaintiff became sick, sore, and lame, and suffered great bodily and mental pain and anguish, and continued to suffer for a long time thereafter; that plaintiff has suffered great pain and loss of time, and was put to great expense." These allegations are all in the past tense, and do not even inferentially allege or claim damages for future pain or anguish. Appellee cites *Meier v. Shrunk*, 79 Iowa, 22. In that case the plaintiff alleged that he was not yet recovered from injuries, and we held that was a sufficient allegation to warrant the court in submitting the question as to future damages. Appellee contends that the fair import of this ruling is that, when

the petition does not show a recovery, future damages may be submitted to the jury. Its import plainly is that the claim is only to be submitted when the petition alleges that there has not been a recovery. Appellee contends that evidence of future disability was admitted without objection, and therefore the instruction was proper. Whether that would justify the instruction we need not determine, as we do not find that such evidence was introduced. True, p'a'ntiff testified to his condition up to and at the time of the trial, but there is no evidence whatever to show that that condition would continue. Even his attending physician was not asked whether the injuries were such as to cause future pa'n or anguish. Our conclusion is that the court erred in instructing the jury to consider future pain and anguish in assessing damages, and that appellant was prejudiced thereby. For this reason the judgment of the district court is REVERSED.