| 111 | 139 |
| f111 | 579 |
| 111 | 139, |
| d126 | 50 |
| 111 | 139 |
| 131 | 616 |
| 111 | 139 |
| 139 | 566 |

NELLIE VAN BERGEN, a minor, by MARY VAN BERGEN, her next friend, v. JOHN EULBERG, Appellant.

**Injuries by Dogs:** DEFENSES TO CLAIM FOR. Under Code, section 1485, providing that the owner of a dog shall be liable to the party injured for all damages done by his dog, except when the party injured is doing an unlawful act, it is no defense to an action for injuries from a bite of defendant's dog to show that several months before the injury, the plaintiff threw stones at the dog.

**Appeal;** INSTRUCTIONS AND PLEADING. It is error, in an action to recover for injuries resulting from a bite of defendant's dog, to instruct that plaintiff might recover for such physical suffering as appeared from the evidence reasonably certain to occur in the future, when no claim for damages for future pain was made in the petition, and no evidence was introduced tending to prove that she was likely to suffer any.

*Appeal from Sioux District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

SATURDAY, APRIL 14, 1900.

ACTION for damages resulting from a bite of defendant's dog. The defendant appeals from a judgment against him.—*Reversed.*

*P. D. Van Oosterhout* for appellant.

*Robt. W. Olmstead* for appellee.

LADD, J.—That the injured girl threw sticks and stones at the dog several months before she was bitten furnished it no excuse. A dog has no right to brood over its wrongs, and remember in malice. The only defense available to the dog's master is the doing of an unlawful act, at the time of the attack, by the person injured.

*Shultz v. Griffith,* 103 Iowa, 150; *Stuber v. Gannon,* 98 Iowa, 228. See *Gregory v. Woodworth,* 93 Iowa, 246.

II. The jury, after retiring to deliberate on their verdict, inquired of the court whether they should consider "what the injuries might lead to in the future," and were instructed, in substance, that an allowance might be made for such physical suffering, if any, as appeared from the evidence reasonably certain to occur thereafter. As the petition made no claim for damages based on future pain, and no evidence was introduced tending to prove her likely to suffer any, the giving of this instruction was error. *Shultz v. Griffith,* 103 Iowa, 150.—Reversed.