CHARLES TYLER, Appellant, v. BARRICK & SON et al., Appellees.

MASTER AND SERVANT:  Place for Work—Servant Falling from
1  Building.   Evidence reviewed, and held that the master had
   not failed to furnish the servant a safe place on the roof of a
   building from which to throw rolls of paper to the ground.

NEGLIGENCE:  Proximate Cause—Attempted Rescue of Third Per-
2  son—Master and Servant.  One who seeks to recover of defend-
   ant for injuries received· in an attempt to rescue another from
   danger caused by the negligence of the defendant (that is, by the
   breach by defendant of a duty owed solely by him to such other
   person), must, in order to show causal connection between such
   negligence and such injuries, establish (a) that such other person
   was in actual, not *imaginary,* danger, and (b) that he (the res-
   cuer) sought, in a reasonable manner, to save such other person
   from injury.  Evidence held insufficient to show such causal con-
   nection.

       PRINCIPLE APPLIED:  Plaintiff was in defendant's employ
   in repairing a flat roof.  After the work was finished, defendant
   directed plaintiff to take several rolls of roofing paper, weighing
   from 40 to 70 pounds each, to the back end of the building and
   throw them to the ground, by holding an end in each hand as they
   were thrown and thereby causing them to fall upon their sides.
   With equal convenience, the paper could have been thrown into a
   north and south alley from point "X," or into an east and west
   alley from point "XX."  Plaintiff himself chose the latter point,
   and threw three rolls so as to clear the stairway, and was in the
   act of so throwing another, when he saw a lady passing down the
   four-foot stairway from the living rooms in the second floor.  She
   was close to the wall and two thirds of the way to the ground.
   Fearing he would injure the lady, he instinctively held on to the
   roll, but the momentum already acquired by the roll in the move-
   ment to throw it to the ground jerked plaintiff off the building,
   with severe resulting injury.  Apparently the defendant had taken
   no steps to keep the stairway clear while this throwing down of
   the rolls was in progress.  Had plaintiff thrown the roll in ques-
   tion just as he had thrown the others, the lady would not have
   been hit.  Even with plaintiff's effort to stop the roll, it cleared
   the stairway.  *Held,* conceding defendant's breach of duty to the
   lady, yet such breach was not the proximate cause of plaintiff's
   injury.

*Appeal from Polk District Court.*—LAWRENCE DEGRAFF,
Judge.

SATURDAY, DECEMBER 16, 1916.

ACTION at law to recover damages for personal injury.
There was a directed verdict and judgment for the defend-
ants, and plaintiff appeals.—*Affirmed.*

*Clark, Byers & Hutchinson, Harry N. Hansen,* for ap-
pellant.

*Stipp, Perry, Bannister & Starzinger,* for appellees.

WEAVER, J.—The defendants are contractors, and, at the
time in question, were repairing or reconstructing a roof on
a building in the town of Colfax, the plaintiff being employed
by them to assist in the work. The building
was two stories in height, with a flat or slop-
ing roof, covered with paper, tar and gravel.
The lower story of the building was used as
a post office, and the second story for offices and living rooms.
An alley extended along the west side, and another along the
south end. From the alley at or near the southwest corner,
an outside stairway extended along the south wall to a land-
ing on the second floor. The work was nearing its finish, and,
there being several rolls of unused paper left on the roof,
the foreman directed plaintiff to take them to the back end
of the building and throw them off where the men on the
ground could get at them. The alley was a public way, and
in frequent use by persons passing through. One or two of
defendant's workmen were on the ground below, gathering
up tools and material preparatory to quitting, and the fore-
man was urging haste upon the members of his gang, in order
to get the train back to Des Moines. So far as appears, the
paper could have been thrown with equal convenience to all
concerned from the end of the roof across the stairway into

1. MASTER AND
SERVANT: place
for work:
servant falling
from building.

the south alley, or from the west side of the roof near the south end into the west alley. The proper manner of throwing the paper was to pick up the rolls singly, holding an end in each hand, and to so cast them off that they would fall upon their sides. They weighed from 40 to 70 pounds each. Plaintiff chose to throw them down from the south end, near the southwest corner of the building. He says he took each roll near enough the end of the roof so that he could see the stair rail below, and calculated his throw to make the roll clear the rail in its fall. Before casting off each roll, he called out, ''Look out below,'' and there is evidence that the men below, or one of them, responded, ''All right.'' He had thus thrown three rolls and had come forward with the fourth, which he had raised in his hands and was just in the act of throwing off, when he saw a young woman, Miss West, coming down the stairs. Instinctively attempting to withhold the roll, to avoid all chances of injuring the lady, he lost his balance, and toppled over into the alley, receiving very serious injury.

This action was brought to recover damages, on the theory that the injury was brought about by the defendant's negligence. Stated in general terms, the averments of negligence on which the plaintiff relies are that defendants failed to use due care in providing plaintiff a safe place to work and in ordering him to do the work in a dangerous manner, and in failing to warn him of the danger arising from the fact that no provision had been made to keep the alley and stairway clear and to prevent other persons from getting in the way of falling rolls of paper. At the close of the evidence on plaintiff's part, the trial court directed a verdict for the defendants. The motion so sustained was based on grounds which may be thus briefly summarized: (1) That the evidence failed to show any actionable negligence on the part of defendants; and (2) that the evidence conclusively shows contributory negligence on the part of plaintiff.

I.  Is there evidence in the record on which the jury

could properly have found defendants guilty of negligence? It could hardly be held, and counsel do not contend, that reasonable care on the part of defendants required them to have a barrier or guard rail erected at the edge of the roof to prevent plaintiff from falling therefrom in performing the simple duty of throwing down a half dozen rolls of paper. The roof was evidently so nearly flat or of such easy slope that a workman in possession of ordinary faculties could approach the edge near enough to throw down the paper without the slightest danger; but, as we understand the argument, the proposition is that it was the duty of the defendant to have in some way provided for keeping the stairway clear while this work was being done, or for warning the plaintiff when any person was on the stairs, and that their failure so to do constituted a hidden danger, of which they should have warned him. We think it must be said, however, that the duty of the defendants to provide for keeping the stairway clear was, primarily at least, a duty owed not to the plaintiff or his fellow workmen, but to third persons whose presence on the stairway might reasonably be anticipated. The only way that plaintiff could claim that a breach of this duty to others could afford a right of action to him would be to show that, having discovered Miss West in peril of injury by reason of such negligence on defendants' part, he sought in a reasonable manner to save her therefrom, and in so doing sustained injury to himself. That a right of action may thus arise is well settled (*Saylor v. Parsons,* 122 Iowa 679; *Liming v. Illinois Cent. R. Co.,* 81 Iowa 246; *Linnehan v. Sampson,* 126 Mass. 506; *Pennsylvania R. Co. v. Langendorff* [Ohio], 28 N. E. 172). But does plaintiff bring himself within the rule thus invoked? In the first place, he was not directed to throw down the rolls at a place where he would be required to cast them over and across the stairway, and we think it would be going too far to say that, in ordering plaintiff to take them to the back end

2. NEGLIGENCE: proximate cause: attempted rescue of third person: master and servant.

and throw them down where the men below could get them handily, defendants should have anticipated that he would choose a place directly over the stairway, instead of another a few feet further to the right, where no such obstruction intervened. Again, we find nothing in the record to indicate that Miss West was in fact in danger of injury from the roll of paper in plaintiff's hands, had he completed the throw as he intended it before he saw her. The stairs were about four feet wide, and hung against the wall of the building. The young woman says she did not come down along the outside rail, but was farther in and close to the building. Plaintiff was taking pains to throw the roll far enough to clear the stairway, and had thrown three in that manner. In making the throw, he stood near the edge of the roof and about two thirds of the height of the wall above that part of the stairs where he saw Miss West pass immediately beneath him. If he had cast the roll off as he had done with the others, using sufficient force to carry it clear of the stairs, it is quite certain it would have passed well over the young woman's head and she would not have been injured. Her danger, if any, came when plaintiff was startled into an attempt to check the throw, but even then it is shown that the roll still cleared the stairway. In other words, although prudence would doubtless forbid the throwing of heavy material over the heads of persons in the position described, and although it was a worthy impulse which led plaintiff to try to retrieve the roll and hold it until Miss West had passed, she was not in fact in any such imminent peril arising from the defendants' negligence as would justify him in exposing himself to injury for her rescue. Stated otherwise, while the rule of law on which appellant plants his case is not to be denied, the facts shown by his own record do not call for its application. As we have already suggested, to be entitled to damages sustained in saving another person from injury threatened by the defendants' negligence, the danger must be actual and real, and not imaginary. It is true, plaintiff says that, had he

thrown the roll at his first attempt, it would have hit and injured Miss West; but this is manifestly a mere conclusion, wholly at variance with his own description of the attendant circumstances   Conceding, therefore, as we well may, that it was defendants' duty to look out for the safety of persons rightfully using the stairs, and that, if Miss West had been injured by the falling material thrown without warning, they would have been liable in damages to her, we think there is an entire lack of evidence to justify the court in holding that plaintiff's injury was the proximate result of defendants' breach of their duty to the young woman, within the rule of the precedents above cited.   Such being our view, it must be said that the trial court did not err in holding the evidence insufficient to charge the defendants with actionable negligence.   This conclusion renders it unnecessary for us to deal with the further question of contributory negligence, to which the briefs of counsel are quite largely devoted.   It follows that the judgment of the district court must be—*Affirmed.*

EVANS, C. J., DEEMER and PRESTON, JJ., concur.