EMERY DOUGHERTY, Appellee, v. FRED RECKLER, Appellant.

**ANIMALS: Liability for Injury—Rescue of Person in Peril.** The owner 1 of a dog is liable in damages for injuries suffered by a person in attempting, without contributory negligence, to rescue his employee and property from danger caused by said dog. So held where a team driven by an employee was caused to run away because of the vicious actions of the dog, and where the owner, in attempting to stop the team, was injured.

**ANIMALS: Liability of Owner—Exemplary Damages.** The mere show- 2 ing that the owner of a dog had knowledge of the vicious inclinations of his dog will not justify the recovery of *exemplary* damages, in an action at common law for maliciously harboring such dog.

*Appeal from Jasper District Court.*—D. W. HAMILTON, Judge.

SEPTEMBER 20, 1921.

ACTION for damages alleged to have resulted from the acts of a vicious dog owned or harbored by the defendant. The material facts are referred to in the opinion. There was a verdict and judgment for plaintiff, and defendant appeals.—*Reversed.*

*C. O. Holly* and *O. P. Myers*, for appellant.

*Hammer & Tripp*, for appellee.

ARTHUR, J.—This is an action in tort, to recover damages on account of injuries received by plaintiff while attempting to intercept and control a team of horses owned by him, which, while being driven upon the public highway by Willis Kono, a boy about 14 years of age, employed by plaintiff, became frightened by a dog which ran into the highway and snapped at or bit one of the horses. The team was hitched to a riding cultivator, and was proceeding along the highway three or four rods in the rear of a team of mules, hitched to a surface plow, which was being driven by plaintiff. The horses driven by the boy jumped, when the dog ran into the highway, and threw him from the cultivator to the ground; but he clung to the lines, and, at the time plaintiff caught hold of the horse's bridle, was being dragged in the road behind the cultivator.

1. ANIMALS: liability for injury: rescue of person in peril.

The petition contained all the averments of action essential under the common law. The answer was composed of a general denial, and the plea of an alibi for the dog.

The questions presented for review involve, principally, alleged errors in the rulings of the court upon objections to certain questions propounded by counsel for defendant to a witness for plaintiff upon cross-examination, errors in several paragraphs of the court's charge to the jury, and errors in the overruling of defendant's motion for a new trial.

I. The court, in the sixth paragraph of its charge, instructed the jury that, under Section 2340 of the Code, "the owner [of a dog] shall be liable to the party injured for all damages done by his dog, except when the party is doing an unlawful act;" and that, if plaintiff had made out a case by the evidence, he would be entitled to recover such actual damages as it was shown he had sustained. The court further, and in Paragraph 7, instructed the jury that exemplary damages might be allowed if it found, by a preponderance of the evidence, that defendant's dog was vicious, that such fact was known to him, and that he permitted the dog to run at large, without any attempt to restrain him.

The exceptions noted to Instruction No. 6 were that there was no causal connection between the act of the dog and the injuries received by plaintiff, and that the alleged frightening by the dog of the team driven by the boy was not the proximate cause of plaintiff's injury.

Paragraph 7 of the charge was excepted to on the ground that, under the statute, plaintiff could recover only compensatory damages, and that the allowance of exemplary damages was not permissible, even though the petition recited a good cause of action at common law.

It is further contended by appellant that the injuries received by plaintiff were due to his own voluntary act in taking hold of the horse's bridle and trying to stop the frightened team; and that, if he had not thus voluntarily put himself in the way of danger, he would not have been injured; and that, therefore, the injuries complained of were not the proximate result of any wrongful act on the part of defendant.

It is tacitly conceded, however, by counsel for appellant, in this connection, that a person who seeks to rescue another from imminent peril at the risk of his own life, or under circumstances likely to result in serious injury or damages to himself or his property, is not necessarily guilty of contributory negligence, or prevented from recovering damages from the negligent party; but they contend that this is true only when actionable negligence on the part of the defendant toward the person rescued, or toward the party making the rescue, after the attempt has been initiated, is shown. This is substantially the general rule, the reasons for which are obvious. *Saylor v. Parsons,* 122 Iowa 679; *Liming v. Illinois Cent. R. Co.,* 81 Iowa 246. We said, in the case last cited, that:

"One who, acting with reasonable prudence, voluntarily exposes himself to danger for the purpose of protecting the person of another, may recover for the consequent injuries he receives, from the person whose wrong caused the injury to himself and the danger to the person he sought to aid."

To the same effect, see *Beckler v. Merringer,* 131 Iowa 614; *Tyler v. Barrick & Son,* 178 Iowa 985, 989.

We perceive no just or valid legal reason for holding that one who negligently sets a dangerous instrumentality in opera-

tion which results in injury to a person who voluntarily seeks to rescue another from existing or impending peril, must respond in damages to the person voluntarily attempting the rescue who is injured while in the act, and that one who owns or harbors a vicious dog, contrary to the statute, or his common-law duty, which, while running at large, frightens a team of horses which is lawfully upon the highway, causing it to run away and seriously injure the owner, who departs from a place of apparent safety to stop the team and prevent it from running away, and perhaps from being severely injured, or from inflicting damages upon some other person or property, shall be relieved from liability. The liability in both cases, if any exists, rests upon the breach of a legal duty which the defendant owed to the injured party. In the one case, the gist of the action is the negligence of the defendant,—it is statutory; and in the other, it is in the unlawful harboring of a vicious dog, with knowledge of its vicious character. The specific, unlawful act of the defendant in the latter case takes the place of negligence in the former. If the injuries received by the plaintiff resulted proximately from the act of the dog in ·snapping at or biting one of the horses, then, it seems to us, the defendant must be held to a liability. This was a question for the jury. *Liming v. Illinois Cent. R. Co.,* 81 Iowa 246; *Beckler v. Merringer,* 131 Iowa 614; *Melicker v. Sedlacek,* 189 Iowa 946.

II. Complaint is also made by appellant of the submission to the jury of the question of exemplary damages. Exemplary damages are not recoverable in actions based upon Section 2340 of the Code. This statute does not, however, limit or affect the right of one claiming damages on account of injuries received from the attack of a vicious dog, to proceed under the common law. *Sanders v. O'Callaghan,* 111 Iowa 574; *Melicker v. Sedlacek,* supra.

2. ANIMALS: liability of owner: exemplary damages.

We held, in *Cameron v. Bryan,* 89 Iowa 214, that, where it was alleged in the petition and established by the evidence that the defendant "willfully, unlawfully, and maliciously" harbored a vicious dog, with full knowledge of his vicious propensities, exemplary damages might be recovered by one injured thereby. While it is alleged in plaintiff's petition that the defendant "willfully and maliciously" harbored and kept a dan-

gerous and vicious dog upon his premises, the evidence wholly failed to establish malice. The most that the evidence tended to show was that the defendant knew the character of the dog in question, and that it had vicious inclinations. To allow plaintiff to recover exemplary damages in this case would be to establish a rule that would permit the recovery of exemplary damages in every action under the common law for injuries caused by vicious dogs. It is unnecessary to go further into this question. The record clearly did not justify the submission to the jury of the question of exemplary damages.

III. It is further insisted by counsel for appellant that the verdict of the jury is not sustained by the evidence. No motion was made for a directed verdict, after both parties had rested in the court below.

It was alleged in plaintiff's petition that the defendant willfully and maliciously harbored a vicious and dangerous dog; and the evidence tended to show that the dog in question was in the habit of running into the highway and barking, and chasing. teams and automobiles; and one or two witnesses testified to having made complaint to the defendant of the dog's behavior in this respect, either offering to kill the dog for defendant or advising him to do so. Another witness testified that the dog bit his horses, and his daughter, eleven years of age. The defendant sought to show that his dog was at home at the time the trouble occurred. But the plaintiff testified that the dog that frightened the team was defendant's. Other corroborating testimony was offered. There was a fair dispute in the evidence upon all material points, and the issues were fairly submitted to the jury. It would serve no useful purpose to set out or review the evidence at length, and we refrain from doing so. Other alleged errors discussed by counsel are not likely to occur upon a retrial of this case, and we give no further consideration thereto.

For the error pointed out, the judgment of the court below must be, and is,—*Reversed and remanded.*

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.