Letha Jean SNYDER and Addison
Snyder, Appellants,

v.

Merlin Gene DAVENPORT, Defendant;
Merrill C. Brooks and Alan R. Peterson,
d/b/a Hildagarde's; David L. Smith and
Michael Shaver, d/b/a Treehouse
Lounge; and Greig E. Sullivan, d/b/a
Slick Sully's Emporium; and Treehouse,
Inc., Appellees.

No. 67075.

Supreme Court of Iowa.

Aug. 25, 1982.

David S. Wiggins and Linda Haley of
Williams & LaMarca, P. C., West Des
Moines, for appellants.

John B. Grier of Cartwright, Druker &
Ryden, Marshalltown, for appellees Brooks
and Peterson.

Michael H. Figenshaw of Bradshaw,
Fowler, Proctor & Fairgrave, Des Moines,
for appellees Smith, Shaver, and Treehouse,
Inc.

Gerry M. Rinden and Denny Drake of
Klockau, McCarthy, Ellison & Rinden, Rock
Island, Ill., for appellee Sullivan.

SCHULTZ, Justice.

The sole issue presented in this appeal is whether the dram shop civil liability statute, section 123.92, The Code, usurps a common-law negligence action against a dram shop licensee grounded on the sale of intoxicants to an intoxicated person in violation of section 123.49(1). This issue arose when plaintiff, Letha Jean Snyder, was injured in an accident in which a vehicle driven by the defendant, Merlin Gene Davenport, collided with the rear of Snyder's automobile.

In their suit against Davenport based on negligence and recklessness, Letha and her husband, Addison Snyder, claimed that Davenport was intoxicated. They joined as defendants four liquor licensees in the action and in separate counts asserted the licensees were negligent in selling liquor to Davenport knowing that he was intoxicated in violation of section 123.49(1). The Snyders did not allege a strict liability claim against the operators under section 123.92. *See Williams v. Klemesrud,* 197 N.W.2d 614, 616–17 (Iowa 1972). In sustaining the licensees' motions to dismiss, the district court held that section 123.92 provided the exclusive remedy for plaintiffs' action against the licensees. We granted interlocutory appeal from the ruling on the motion. We find no error in the ruling and affirm.

Section 123.49(1) provides that "[n]o person shall sell, dispense, or give to any intoxicated person, or one simulating intoxica-

tion, any alcoholic liquor or beer." Plaintiffs claim that the licensees' violation of section 123.49(1) gives rise to a common-law cause of action, premised on negligence, against the licensees. The licensees' motions to dismiss are posited on their claim that section 123.92 provides the exclusive remedy against liquor licensees. They urge that other than the civil liability imposed by the Dram Shop Act, no common-law cause of action exists as to liquor licensees in Iowa.

The licensees' claim of exclusive remedy is not specified in the language of section 123.92, which in pertinent part provides:

> Every ... person who shall be injured ... by any intoxicated person ... shall have a right of action ... against any licensee or permittee, who shall sell or give any beer or intoxicating liquor to any such person while he or she is intoxicated, or serve any such person to a point where such person is intoxicated, for all damages actually sustained.

In the absence of legislative specification, we must turn to matters outside the statute to determine whether the legislature intended this section to provide an exclusive remedy. *See generally State v. Williams,* 315 N.W.2d 45, 49 (Iowa 1982) ("meaning of statute may be 'ascertained by reference to prior judicial decisions, similar statutes, the dictionary, or common generally accepted usage.' ").

Historically, the common law of Iowa did not recognize a right of recovery based on negligence against a dram shop licensee arising out of the sale of intoxicating beverages. This common-law rule was abrogated in 1862 when the legislature created a statutory remedy against liquor licensees. *See* Act of March 20, 1862, ch. 47, § 2, 1862 Iowa Acts 50. This statute has since been modified and amended and is presently codified in section 123.92, The Code. *See generally* Comment, *Beyond the Dram Shop Act: Imposition of Common-Law Liability on Purveyors of Liquor,* 63 *Iowa L.Rev.* 1282, 1298–99 (1978) (review of legislative history of Iowa Dram Shop Act).

The common-law rule was premised on the theory that as a matter of law sale of liquor could not be the proximate cause of injuries to a third party. *Cowman v. Hansen,* 250 Iowa 358, 368, 92 N.W.2d 682, 687 (1958). In addition to the legislative enactment of the Dram Shop Act, the *Cowman* rule of no causation was judicially overruled in *Lewis v. State,* 256 N.W.2d 181, 192 (Iowa 1977). In *Lewis* the injured plaintiff sued a state liquor commission employee for selling liquor to a minor in violation of section 123.43, The Code 1966. We held that "the sale or furnishing of intoxicating liquor [to a minor] in violation of section 123.43 may well be the proximate cause of injuries sustained as a result of an intoxicated individual's tortious conduct and liability may thus be imposed upon the violators in favor of the injured, innocent third party." *Lewis,* 256 N.W.2d at 191–92.

Plaintiffs in the case at bar rely on the holding in *Lewis* to support their claim that a common-law negligence action against a licensee for selling liquor to an intoxicated person exists independent of the Dram Shop Act. We do not disagree with plaintiffs' claim that *Lewis* held that a penal statute may provide a standard of care or conduct the violation of which may result in liability in a tort action based on negligence. *See Seeman v. Liberty Mutual Insurance Co.,* 322 N.W.2d 35, 37 (Iowa 1982). However, we hold that unlike the dram shop statutes in effect under *Lewis,* section 123.92 provides the exclusive remedy to the plaintiffs that precludes a common-law action. *Robinson v. Bognanno,* 213 N.W.2d 530, 532 (Iowa 1973).

First, we note that in *Lewis* the court was faced with a dram shop statute substantially different from the one today. In *Lewis* the 1966 Code governed the proceedings. 256 N.W.2d at 184. Section 129.2, The Code 1966 (repealed by Act of June 16, 1971, ch. 131, § 152, 1971 Iowa Acts 286, current version at § 123.92, The Code) provided:

> Every wife, child, parent, guardian, employer, or other person who shall be injured in person or property or means of

support by any intoxicated person . . . shall have a right of action in his or her own name against any *person* who shall, by selling or giving to another *contrary to the provisions of this title* any intoxicating liquors, cause the intoxication of such person, for all damages actually sustained, as well as exemplary damages.

(Emphasis added). This 1966 statute imposed liability on any person, whereas the current statute imposes liability only against the licensee. *Compare id. with* § 123.92, The Code. In addition, the current statute covers only sale to "such person while he or she is intoxicated, or serve any such person to a point where such person is intoxicated." *Id.* The old statute, on the other hand, imposed liability for sale of liquor in a manner "contrary to the provisions of this title," section 129.2, The Code 1966. Title VI of the 1966 Code included provisions that prohibited sale of liquor to minors, section 123.43, The Code 1966 (repealed by Act of June 16, 1971, ch. 131, § 152, 1971 Iowa Acts 286, current version at § 123.49(2)(h), The Code), and sale to an intoxicated person. § 123.46(1), The Code 1966 (repealed by Act of June 16, 1971, ch. 131, § 152, 1971 Iowa Acts 286, current version at § 123.49(1), The Code). Further, the current statutory scheme requires a claimant to give notice to the dram shop operator, section 123.93, The Code (enacted by Act of June 16, 1971, ch. 131, § 93, 1971 Iowa Acts 274), and also requires the licensee to carry liability insurance. § 123.92, The Code. The old statutory scheme required neither notice nor liability insurance. *Compare id. and* § 123.93, The Code *with* ch. 129, The Code 1966 (repealed by Act of June 16, 1971, ch. 131, § 152, 1971 Iowa Acts 286). It is thus clear that the legislature in redrafting the Dram Shop Act intended a statutory liability on licensees who sold liquor to an intoxicated person. *See generally State v. One Certain Conveyance, 1971 Honda 350 Motorcycle, Red and White*

*in Color, Iowa 1972 License # 26–71 VIN # SL–350–2015068*, 211 N.W.2d 297, 299 (Iowa 1973) (court may examine legislative amendments to determine legislative design). The instant case falls squarely within this statutory scheme. The *Lewis* court, on the other hand, was not faced with such an explicit statutory scheme.[1] The holding in *Lewis* therefore cannot be relied upon in this case wherein the action, directed against a licensee for selling liquor to an intoxicated person, is expressly provided for by statute. We therefore hold that a suit against a liquor licensee for selling liquor to an intoxicated person may be brought only by following the statutory scheme and no common-law cause of action against a licensee for selling liquor to an intoxicated person exists in Iowa. By so holding we do not modify the *Lewis* holding.

▮ Secondly, a further reason that justifies our holding today is the rule of construction that when a statute gives a right and creates a liability unknown at common law, and at the same time points to a specific method by which that liability can be ascertained and the right assessed, this method must be strictly pursued. *Jefferson County Farm Bureau v. Sherman*, 208 Iowa 614, 618, 226 N.W. 182, 184–85 (1929); *Lease v. Vance*, 28 Iowa 509, 511 (1870); *Cole v. City of Muscatine*, 14 Iowa 296, 298–99 (1862); *see* Am.Jur.2d, Actions § 48, at 581 (1962); C.J.S. Actions § 6, at 974 (1936); *see also Goebel v. City of Cedar Rapids*, 267 N.W.2d 388, 392 (Iowa 1978) (absence of specific provision for exclusivity does not create presumption of nonexclusivity). Section 123.92 readily falls into the ambit of the rule of statutory construction found in *Sherman, Vance,* and *Cole.* This section provides a specific remedy for a right that was not recognized at common law. It provides an aid to the assessment of the right by the requirement of liability insurance. Further, section 123.93, by requiring notice, provides the specific method

---

1. In *Lewis* the court was asked to consider whether section 123.13, The Code 1966, which provided immunity to "any member of the [liquor] commission," extended immunity to a state liquor store employee. 256 N.W.2d at

186. Thus, until *Lewis* it was at least arguable that the Dram Shop Act did not impose liability on the *Lewis* defendant. *See id.* In the instant case, section 123.92 unquestionably imposes liability on the licensees—defendants.

to ascertain liability. To adopt a common-law cause of action irrespective of sections 123.92–.93 would be ill-advised and would render the statutory scheme inoperative. Indeed, in light of such a clear legislative intent, we may not do so. *See State v. Whetstine*, 315 N.W.2d 758, 760 (Iowa 1982).

Finally, we look to authority elsewhere. We note that the *Lewis* court relied heavily on the authority of other states, notably *Trail v. Christian*, 298 Minn. 101, 213 N.W.2d 618 (1973). *Trail* recognized a common-law cause of action against a tavern owner for the sale of beer that was *not* within the coverage of the Minnesota Dram Shop Act. *Id.* at 112–15, 213 N.W.2d at 624–25. Following *Trail*, the Minnesota court has held that the Dram Shop Act, by preempting the field, provided the exclusive remedy and that no common-law recovery for negligence can be allowed where the Act is applicable.[2] *Robinson v. Lamott*, 289 N.W.2d 60, 65 (Minn.1979); *Fitzer v. Bloom*, 253 N.W.2d 395, 403 (Minn.1977). We agree with the Minnesota court and so hold.

AFFIRMED AND REMANDED.

All Justices concur except CARTER, J., takes no part.

---

2. As that question is not before us, we need not decide whether a common-law action may be maintained in those situations where the Dram Shop Act is not applicable.