Harlan Dale GOLDEN, Jr., Appellant,

v.

Gary O'NEILL, Defendant, Jim O'Neill, a/k/a James I. O'Neill and Jim O'Neill, a/k/a James I. O'Neill, d/b/a O'Neill's Tavern, Appellee.

No. 83–1588.

Supreme Court of Iowa.

April 17, 1985.

Richard O. McConville of Scalise, Scism, Sandre & Uhl, Des Moines, and Thomas R. Mohrhauser, Mapleton, for appellant.

Considered by UHLENHOPP, P.J., and McCORMICK, SCHULTZ, CARTER and WOLLE, JJ.

SCHULTZ, Justice.

The sole issue presented in this appeal is whether the dram shop civil liability statute, Iowa Code section 123.92, preempts actions against licensees grounded either on negligent failure to provide safe premises for patrons or on assault and battery by an employee under the theory of respondeat superior. The trial court held that section 123.92 provides the exclusive remedy against a licensee and dismissed counts against a licensee grounded on negligence and assault and battery. We reverse.

In our discussion of the facts we assume that the pleadings are true. On August 5, 1982, Harlan Dale Golden, Jr., a patron at O'Neill's Tavern, was injured as a result of a physical attack by the bartender, Gary O'Neill. Gary was employed by his father, Jim O'Neill, the tavern owner.

Golden filed the present lawsuit against Jim and Gary in three divisions, each representing an alternate theory of recovery. Division I presents a dram shop claim pursuant to section 123.92. Division II raises a claim of assault and battery against Gary O'Neill and alleges Jim O'Neill, as Gary's employer, is liable under the theory of re-

spondeat superior. Division III presents a negligence claim, alleging that Jim failed to keep the premises safe for business invitees and knowingly continued to employee persons with a propensity to injure patrons. While the trial court overruled Gary's motion to dismiss, it sustained the licensee's motion to dismiss counts II and III. Plaintiff appeals, urging that although the dram shop statute is the exclusive remedy for damages resulting from the sale of intoxicated beverages, it does not preempt all other tort theories. Although defendant Jim O'Neill was represented by counsel in the trial court, he did not appear or file a brief in this appeal.

■ As indicated, the issue on appeal is raised in the context of a motion to dismiss by defendant Jim O'Neill. A motion to dismiss on the pleadings will be sustained only when there is no conceivable state of facts under which plaintiff might demonstrate a right to relief. *Lakota Consolidated Independent School v. Buffalo Center/Rake Community Schools*, 334 N.W.2d 704, 708 (Iowa 1983). We construe the allegations in the light most favorable to the pleader and resolve doubts in his favor. *Curtis v. Board of Supervisors*, 270 N.W.2d 447, 448 (Iowa 1978); *Weber v. Madison*, 251 N.W.2d 523, 525 (Iowa 1977). We consider plaintiff's claims in light of these principles.

In his motion to dismiss, the licensee based his contention that section 123.92 [1] is plaintiff's exclusive remedy against him on *Snyder v. Davenport*, 323 N.W.2d 225 (Iowa 1982). The issue raised in *Snyder* was different:

The sole issue presented in this appeal is whether the dram shop civil liability statute, section 123.92, The Code, usurps a common-law negligence action against a dram shop licensee *grounded on the sale of intoxicants to an intoxicated person in violation of section 123.49(1).*

---

1. Section 123.92 (1981) provides in pertinent part:

Every ... person who shall be injured ... by any intoxicated person ... shall have a right of action ... against any licensee or permittee, who shall sell or give any beer or intoxicating liquor to any such person while he or she is intoxicated, or serve any such person to a point where such person is intoxicated, for all damages actually sustained.

323 N.W.2d at 225 (emphasis added). We held that "a suit against a liquor licensee for selling liquor to an intoxicated person may be brought only by following the statutory scheme and no common-law cause of action against a licensee for selling liquor to an intoxicated person exists in Iowa." *Id.* at 227. The effect of the trial court ruling in the present case is that section 123.92 not only preempts a common-law cause of action against a licensee for selling liquor to an intoxicated person, it also preempts any other common-law cause of action against a licensee arising out of an incident for which a section 123.92 dram shop claim may be brought. We do not agree that other actions are usurped.

In *Snyder* we held that plaintiffs could not bring a common-law dram shop action because (1) the facts alleged in that case fell within the statutory scheme; and (2) when a statute gives a right and creates a liability unknown at common law, and at the same time points to a specific method by which that liability can be ascertained and the right assessed, this method must be strictly pursued. 323 N.W.2d at 227. The facts necessary to support plaintiff's claims in divisions II and III, assault, battery and negligent failure to keep premises safe for business invitees, are not necessarily within the scheme of the dram shop statute. In addition, these causes of action exist at common law; they are remedies for wrongs other than that addressed by the dram shop civil liability statute. In adopting the dram shop civil liability statute the legislature has not immunized licensees from liability for intentional torts and negligence not based on the sale or gift of intoxicating beverages to an intoxicated person. Jim's reliance on *Snyder* to bolster his claim that section 123.92, when applicable, preempts all other claims is misplaced.

An examination of the pleadings reveals that divisions II and III do not include allegations that the licensee provided liquor to his employee while intoxicated or that the licensee's provision of liquor caused his employee's intoxication. Division II of the petition raises a claim against the licensee based upon liability under the theory of respondeat superior for assault and battery committed by his employee. While it is alleged that the licensee was aware of his employee's dangerous propensities while consuming alcoholic beverages, no claim is made that the licensee gave or sold intoxicants in a manner violating section 123.92. In division III plaintiff asserts that the licensee was negligent in failing to keep the premises safe in four particulars. In the first particular it is alleged that he failed to keep employees from consuming alcoholic beverages during employment. To the extent that the first particular is based on the licensee's sale or gift of alcohol to an employee in violation of the dram shop civil liability statute, this portion of the negligence claim is preempted. We will not dismiss this claim because facts are conceivable under which plaintiff might demonstrate a right to relief. For example, plaintiff could prove that the employee did not obtain the alcoholic beverages which he consumed from the licensee. The matter of dismissal cannot be determined until the facts are fully developed. If the evidence introduced shows that plaintiff's claims are based in fact upon a violation of the dram shop civil liability statute, they will be preempted.

In summary, we hold that the dram shop civil liability statute does not preempt plaintiff's common-law causes of action against a licensee based upon assault and battery and negligent failure to keep the premises safe for a patron. Consequently, divisions II and III of plaintiff's petition should not have been dismissed.

REVERSED AND REMANDED.