Maurice J. CONNOLLY, as Administrator of the Estate of Jeffery J. Connolly, Maurice J. Connolly and Joan Connolly, Appellants,

v.

Joseph William CONLAN, d/b/a Twelve Mile House, Appellee.

No. 84–853.

Supreme Court of Iowa.

July 31, 1985.

Paula M. Stenlund, Dennis J. Naughton and Francis W. Henkels, Dubuque, appellants.

Gerry M. Rinden and Michael E. Sheehy of Klockau, McCarthy, Ellison & Rinden, Rock Island, Illinois, and Lawrence H. Fautsch, Dubuque, for appellee.

HARRIS, Justice.

This wrongful death action against a tavern owner-operator was brought in several divisions. Two divisions were based on the claim that a tavern operator is liable on a common-law theory for acts falling outside the parameters of Iowa Code section 123.-92. This was the question on which this court was equally divided in *Haafke v. Mitchell,* 347 N.W.2d 381 (Iowa 1984). The trial court sustained defendant's motion to dismiss these two divisions. We granted plaintiffs' application to bring this interlocutory appeal from that ruling which we now affirm.

Plaintiffs' decedent was killed in a single motor vehicle accident after he and another youth were served intoxicating liquor or beer by defendant. According to the petition, which of course we assume here to be true, defendant knew the youths were minors and the sale was wanton, reckless, and malicious.

In dismissing, the trial court determined the dram shop act "is the exclusive method of recovery in civil damages against liquor licensees." Plaintiffs challenge this ruling, arguing that the dram-shop statute, section 123.92, provides but does not limit recoveries. They contend the section does not preempt all dram-shop theories of recovery so that there should remain a common-law right of action against licensees for their

acts which fall outside the parameters of section 123.92. More specifically, they urge that the statute addresses only sales or gifts of intoxicants to intoxicated persons or the serving of such persons to the point of intoxication, leaving unaffected a common-law action for the illegal sale of intoxicants to minors.

We agree with the trial court in rejecting these contentions. It would be repetitious to again trace the history of our views on statutory and common-law recoveries in dram-shop claims. *See Golden v. O'Neill,* 366 N.W.2d 178, 179–80 (Iowa 1985); *Clark v. Mincks,* 364 N.W.2d 226, 228–31 (Iowa 1985); *Haafke v. Mitchell,* 347 N.W.2d at 388; *Nelson v. Restaurants of Iowa, Inc.,* 338 N.W.2d 881, 883–85 (Iowa 1983); *Snyder v. Davenport,* 323 N.W.2d 225, 226–27 (Iowa 1982); *Lewis v. State,* 256 N.W.2d 181, 191–92 (Iowa 1977); *Cowman v. Hansen,* 250 Iowa 358, 373, 92 N.W.2d 682, 690 (1958).

 The narrow question here has only to do with licensees and permittees. Section 123.92 makes them strictly liable and, for the reasons stated in the dissenting opinions in *Haafke,* 347 N.W.2d at 390–92, we think the act preempts the tort field as to them. A revision of our statutory dram-shop law was traced in *Nelson,* 338 N.W.2d at 883–84. Under that revision, the legislature expressly kept licensees and permittees under the dram shop act. In doing so, it struck for them a balance: They would remain strictly liable under the act and would continue to be compelled to post financial responsibility. But, under the scheme, their liability was limited to serving persons "while he or she is intoxicated" or "to the point where he or she is intoxicated." The liability ended there.

Social policies might support the expanded liability suggested by the plaintiffs. But the legislature was not persuaded by them, and we are bound to adhere to the limitations of the legislative plan.

The trial court was correct in dismissing claims against the defendant which were grounded on common-law theories of negligence in providing intoxicants to a minor.

AFFIRMED.

All Justices concur except REYNOLDSON, C.J., and SCHULTZ, McCORMICK and LARSON, JJ., who dissent.

SCHULTZ, Justice (dissenting).

With the result reached with the majority opinion our case law involving tort action for damages caused by the illegal furnishing of intoxicants to minors is now in a quagmire. Without renouncing the action taken on our previous cases by the majority opinion, our holdings are inconsistent and not in tune with each other. Four months ago this court interpreted the legislative intent in enacting Iowa Code chapter 123 and held a social host civilly responsible under common law principles for damages for a statutory violation of this chapter. *Clark v. Mincks,* 364 N.W.2d 226, 228–31 (Iowa 1985). Today, the majority opinion excuses one who profits from an illegal sale from civil liability to a third party for damages caused by this illegal act, again relying on legislative intent in the enactment of chapter 123. This interpretation is totally at odds with the public policy declared by the legislature:

> This chapter ... shall be deemed an exercise of the police power of the state, for the protection of the welfare, health, peace, morals, and safety of the people of the state, and all *its provisions shall be liberally construed for the accomplishment of that purpose,* and it is declared to be public policy that the traffic in alcoholic liquors is so affected with a public interest that it should be regulated to the extent of prohibiting all traffic in them, except as provided in this chapter.

(emphasis added). The interpretation of section 123.92 to preempt tort actions brought on grounds outside of the section is a concept in the narrowest sense that does not square with the stated policy of the legislature and places tavern owners who violate the law by selling to minors in a position of immunity not enjoyed by any

other citizen of this state. I cannot and will not ascribe this intent to the legislature. Rather, I believe that we must confess that the inconsistency is ours.

The majority opinion simply indicates the writer thinks that section 123.92 preempts the tort field to licensees and permittees. Not one word in this section expresses that thought, however. Consequently, to arrive at such a result the majority must imply a legislative intent to excuse licensees from liability for a tort that is not remedied by section 123.92 despite the fact that other citizens incur this liability. The only reason the majority advances for preemption of licensees from liability is a so-called trade-off when the licensees assumed strict liability in instances where they are liable under the act and post financial responsibility. This was not a trade-off for avoiding other tort liability under the common law. At the time and until *Lewis v. State,* 256 N.W.2d 181, 191–92 (Iowa 1977), the common law of this state as announced by this court did not recognize anyone's liability grounded on the illegal furnishing of intoxicants. I would not ascribe to the legislature an intent to do a useless act. Consequently, I conclude it could not have been thinking in terms of preempting common law liability when it did not exist under our case law. Rather, I ascribe to the legislature an intent more consistent with positive terms. The purpose of section 123.92 is to provide injured parties a remedy against those who profit in the liquor industry for wrongs caused under the narrow terms of this section. I cannot ascribe to the legislature an intent to provide a higher protection to profiteers than we would to a social host.

The majority declines to discuss the history of our decisions as it would be "repetitious." I find the retracing of our case law not only instructive, but conclude that these cases patently point out the error of the majority.

Until 1977 we held that at common law a person injured by an intoxicated person was not entitled to recover from the party who wrongfully furnished the intoxicants to the intoxicated person. This principle was based on the theory that the proximate cause of the injury was the consumption of the intoxicants and not the sale. *Cowman v. Hansen,* 250 Iowa 358, 373, 92 N.W.2d 682, 690 (1958). To alleviate the hardship caused by our position on common law liability, our legislature has prescribed a statutory remedy since 1862. *See* 1862 Iowa Acts ch. 47, § 2. The 1862 statute has been modified, and other statutes have been enacted to provide various remedies against various parties. *See generally,* Comment, *Beyond the Dram Shop Act: Imposition of Common-Law Liability on Purveyors of Liquor,* 63 Iowa L.Rev. 1282, 1298–99 (1978).

The common law non-liability rule was abrogated when, in *Lewis,* 256 N.W.2d at 191–92, we held than an actionable, common law negligence claim could be predicated on the violation of a statute prohibiting the sale of liquor to a minor. We reviewed the statute prohibiting sales or gifts of intoxicants to a minor, a predecessor to our present section 123.47, and determined it set a minimum standard of care for the purpose of common law negligence. *Id.* at 187–89. Abandoning the position expressed in *Cowman,* we held that the illegal sale of intoxicants "may well be the proximate cause of injuries sustained as a result of an intoxicated individual's tortious conduct and liability may thus be imposed upon the violators in favor of the injured, innocent third party. The question of proximate cause under such facts and circumstances would be for the trier of fact." *Id.* at 191–92.

In *Snyder v. Davenport,* 323 N.W.2d 225, 227 (Iowa 1982), we held that the common law negligence action provided in *Lewis* was unavailable in an action against a licensee grounded on violation of Iowa Code section 123.49(1) which prohibits the providing of intoxicants to an intoxicated person. We reasoned that the legislature preempted this particular theory of recovery when it enacted section 123.92. *Id.* Thus, we held that section 123.92 provides the exclusive remedy against a licensee for

the illegal sale of intoxicants to an intoxicated person. *Id.* at 226.

At the time of *Lewis* there were two dram shop statutes. Iowa Code section 123.92 (1966) provided an action against a licensee and was a predecessor of our present section 123.92, and Iowa Code section 129.2 (1966) provided an action against "any person who shall by selling or giving to another contrary to the provisions of this title any intoxicating liquors, cause the intoxication of such person." We did not discuss the issue of preemption in *Lewis.* In *Snyder,* however, we carefully differentiated between section 129.2, which had been in effect at the inception of *Lewis,* and section 123.92. 323 N.W.2d at 226–27. We determined that the explicit statutory scheme of section 123.92 directed against a licensee for selling liquor to an intoxicated person preempted any common law action for this identical statutory violation. *Id.* We expressly reserved the issue of whether a common law action could be maintained in cases to which section 123.92 is not applicable. *Id.* at 228 n. 2.

Since *Snyder* we have decided other cases concerning the actionability of common law negligence arising from the illegal provision of intoxicants. In *Haafke v. Mitchell,* 347 N.W.2d 381 (Iowa 1984), in addition to deciding the issue regarding the liability of the licensee under common law negligence, we held that the licensee's employees would be liable to an injured person under the common law. *Id.* at 388. In *Haafke* we were equally divided on the issue of the common law liability of a licensee for acts falling outside the parameters of section 123.92. Resultantly, the trial court ruling dismissing an injured party's common law claim against a licensee, grounded on an illegal sale of intoxicants to a minor which caused plaintiff's injury, was affirmed by operation of law.

We extended our *Lewis* and *Haafke* decisions by allowing recovery under the common law against a social host who provided intoxicants in violation of our beer and liquor statutes. *Clark,* 364 N.W.2d at 228–31. More recently, we held that section 123.92 does not preempt actions against licensees based on negligent failure to provide safe premises for patrons or on assault and battery by an employee under a theory of respondeant superior. *Golden v. O'Neill,* 366 N.W.2d 178, 179 (Iowa 1985).

Our ruling concerning preemption in *Snyder* is readily distinguishable. In *Snyder* we reasoned that the statutory scheme of section 123.92 and the fact its enactment created a liability unknown at common law and a specific method by which liability could be ascertained required that we hold the statutory remedy be exclusive. 323 N.W.2d at 226–28. The remedy of section 123.92 is prescribed for a specific wrong, the sale or gift of intoxicants to an intoxicated person. The remedy of section 123.92 does not cover the wrong claimed here, the provision of intoxicants to a minor. Although the statutory remedy to enforce a new right or liability is generally exclusive, it is exclusive only to the extent that it is coextensive with the right. 1 C.J.S. *Actions* § 6(e) (1936). The statutory remedy "ordinarily will not be permitted to restrict the right or to preclude a resort to other remedies in cases or under circumstances other than those for which the remedy is given." *Id.* Section 123.92 does not provide a remedy for the wrong caused by the illegal sale or gift of intoxicants to a minor.

Reason supports a conclusion that the legislature did not intend preemption of all common law theories of recovery against a licensee by the enactment of section 123.92. Preemption of all common law liability would relieve the licensee from civil responsibility for the sale of kegs and cases of beer or other intoxicants to sober minors, who do the predictable thing—drink to the point of intoxication and then drive vehicles on the streets and highways. Under these facts the licensee would fare better than the liquor store employee in *Lewis,* the employee in *Haafke* and the social host in *Mincks.* I do not attribute such intent to the legislature. We stated in *Golden:*

In adopting the dram shop civil liability statute the legislature has not immunized licensees from liability for intentional torts and negligence not based on the sale or gift of intoxicating beverages to an intoxicated person. Jim's [licensee] reliance on *Snyder* to bolster his claim that section 123.92, when applicable, preempts all other claims is misplaced. 366 N.W.2d at 180.

Allowing a common law action that does not coincide with the dram shop statute, section 123.92, would be consistent with our position on other strict liability actions. We indicated that a statute imposing strict liability on a dog owner for injury from a dog bite did not limit the right of an injured party to institute a common law action and seek punitive damages that were not recoverable in the statutory action. *Dougherty v. Reckler*, 191 Iowa 1195, 1198, 184 N.W. 304, 305 (1921). We allowed an action grounded on negligence for failing to fence in an animal in violation of the Iowa Code section 188.2 and indicated a theory of strict liability pursuant to section 188.3 for unlawful trespass was also available to plaintiff. *Wenndt v. Latare*, 200 N.W.2d 862, 869 (Iowa 1972). Also, we have held that where the common law provides a strict liability action in tort, it does not preclude an alternate remedy based on negligence. *Hawkeye-Security Insurance Co. v. Ford Motor Co.*, 174 N.W.2d 672, 685 (Iowa 1970); *see Franken v. City of Sioux Center*, 272 N.W.2d 422, 426–27 (Iowa 1978).

In summary, I would hold that section 123.92 only preempts those common law actions that arise from a claim that the licensee negligently sold or gave intoxicants to an intoxicated person or served a person to the point of intoxication. I would hold that a common law action exists against a licensee for illegally providing intoxicants to a minor.

REYNOLDSON, C.J., and McCORMICK and LARSON, JJ., join this dissent.