VAITHESWARAN, Judge (dissenting).
I respectfully dissent.
This is a case of one unlicensed domesticated animal (a dog) injuring another unlicensed domesticated animal (a cat). The City of Des Moines declared the dog a "dangerous animal." An administrative law judge affirmed the declaration after finding the cat's owner witnessed the cat in the dog's mouth and the cat sustained "deep lacerations that required approximately 36 staples to close." In my view, substantial evidence supports the administrative law judge's finding.
I turn to Helmer's void-for-vagueness challenge. Although the district court did not rule on this challenge in the original decision or in the ruling on Helmer's motion for enlargement, our precedent holds "a motion to enlarge findings preserves error on an issue not decided by the district court even if the district court does not address the issue following the motion." Lewis v. Jaeger , 818 N.W.2d 165, 175 n.4 (Iowa 2012). Based on this precedent, I would conclude error was preserved.
In her motion to enlarge, Helmers asserted section 18-196 is "unconstitutionally vague and overbroad, if there is no element of provocation." On appeal, she argues,
[T]here is no provision for self-defense and the City argues that provocation is not required. As written, a dog who was attacked first by one or more at-large, vicious animals could be considered "dangerous," even though the dog was acting solely in self-defense.
In my view, allowing a defense that the attacking animal was provoked by the acts of another animal would lend greater uncertainty to the statute than the current language. If a larger animal chased the attacker would the chase serve as sufficient provocation? If a smaller animal such as a cat strolled toward a larger animal such as a dog, would its mere proximity to the dog serve as sufficient provocation? A person reading an ordinance containing animal-to-animal provocation language would have difficulty understanding what the ordinance prohibits. See id. at 183 ("[A] statute cannot be so vague that a person of ordinary understanding would not know that their conduct is prohibited."). The fair-notice requirement would not be satisfied.
The inclusion of animal-to-animal provocation language would also lead to arbitrary enforcement. As it stands, section 18-196(6) requires a person to determine whether the animal has exhibited vicious propensities by biting another animal so as to cause "a fracture, muscle tear, disfiguring lacerations or injury requiring corrective or cosmetic surgery." If the enforcer of the ordinance also had to determine whether the other animal "provoked" the bite, whose word would the enforcer take? The "enforcer[ ] [would] define who is a violator in the first place." (See In re B.A.H. , 845 N.W.2d 158, 164 (Minn. 2014) ).
I would find the City's failure to include animal-to-animal provocation or self-defense language in section 18-196(6) does not render the ordinance void for vagueness. See Zollar v. City of Chicago Dep't of Admin. Hearings , 44 N.E.3d 419, 422 (Ill. App. Ct. 2015) (rejecting a void-for-vagueness challenge to a dangerous animal ordinance for failure to include provocation by other animals); see also Van Bergen v. Eulberg , 82 N.W. 483, 483 (Iowa 1900) ("A dog has no right to brood over its wrongs, and remember in malice."). I would also find the remaining terms of section 18-196(6) do not render the ordinance void for vagueness.
I would affirm the district court's affirmance of the administrative law judge's decision.